**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **NAUD CHARRON,** | : |
| | : |
|    **Plaintiff,** | : |
| | : |
|    v. | :   No. 3:02CV1526(DJS) |
| | : |
| **CITY OF HARTFORD, MICHAEL** | : |
| **PARKER, LEONARD WALLACE, and** | : |
| **CHARLES TEALE,** | : |
| | : |
|    **Defendants.** | : |

### MEMORANDUM OF DECISION

On August 29, 2002, plaintiff Naud Charron filed this action alleging that defendants, the City of Hartford ("the City"), by its agents Michael Parker, Leonard Wallace, and Charles Teale, discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act, codified at 42 U.S.C. § 2000e et seq., and age in violation of the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 621 et seq. Charron also alleges that the City, Parker, Wallace, and Teale violated his right to equal protection under the law, as guaranteed by the Fourteenth Amendment to the U.S. Constitution. On August 1, 2003, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, defendants filed a motion for summary judgment. (See Dkt. # 28). For the reasons set forth herein, defendants' motion is **GRANTED**.

## I. FACTS

This lawsuit concerns a promotion that plaintiff Naud Charron did not receive. Charron is a white man who was over the age of forty in 2001. Charron has been employed as a Mechanic in the Fire Equipment Maintenance Division of the Hartford Fire Department ("HFD") since 1985. Teale was the Chief of the HFD during the time period pertinent to this lawsuit, and Parker and Wallace were Assistant Chiefs during the same time period.

In January of 2001, the City announced a promotional opportunity for the position of Supervisor, Fire Equipment Maintenance Division. The Supervisor position is within the classified service of the City, and promotions thereto are governed by the Charter of the City of Hartford and the City's Personnel Rules and Regulations, which require that positions within the classified service be filled according to merit and fitness, as measured by competitive examination and the appointing authority. Following the examination, an "eligible register" is established, which ranks the candidates according to the score they received. Once the eligible register is established, three names for each eligible position are forwarded to the appointing authority.

Charron applied for the Supervisor position, as did two other men employed in the same division named Michael Smith and Salvatore Pagliarello. The competitive examination for the

Supervisor position consisted of an evaluation of training and experience, by which candidates received points for each year of relevant experience with the City, and not a written test. Charron received a score of 91.91%, Smith a score of 75.75%, and Pagliarello a score of 73.75%.  The eligible register was forwarded to Teale, who, along with Parker and Wallace, interviewed each of the three eligible candidates.  Teale, who is vested with the authority to fill the position, selected Smith to fill the Supervisor position on January 24, 2001.  Smith is an African-American man who was under the age of forty when he was appointed.

## II.   DISCUSSION

Charron alleges that defendants demoted him in violation of Title VII of the Civil Rights Act of 1964 and the Equal Protection Clause of the Fourteenth Amendment.  The factual basis for Charron's claims is that defendants deviated from the well-established practice of appointing the most senior candidate- Charron- in favor of a younger, non-white man.  Defendants claim that Teale relied upon permissible considerations in declining to select Charron for the Supervisor position.

### A.   STANDARD

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" American Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981) (quoting Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975)). A dispute concerning a material fact is genuine "'if evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view all inferences and ambiguities in a light most favorable to the nonmoving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Id.

### B.   DISCRIMINATION CLAIM

Charron alleges that defendants discriminated against him on the basis of his race and age. Specifically, Charron claims that Teale did not select him for the Supervisor position, despite the

fact that he had been an employee of the fire department for the longest period of time and was the top-ranked candidate of the three eligible candidates, because he was a white man over the age of forty.  Defendants claim that Teale did not select Charron to fill the Supervisor position because another eligible candidate was better-suited to fill the position, and that Charron has not offered any evidence of discriminatory intent on the part of any defendant.  Because Charron has not offered sufficient evidence to create a genuine issue of material fact, defendants' motion for summary judgment on Charron's discrimination claims is granted.

In McDonnell Douglas Corporation v. Green, the Supreme Court established an "allocation of the burden of production and an order for the presentation of proof in Title VII cases."  411 U.S. 792, 802 (1973).  Under that framework, which also applies to ADEA claims, a plaintiff alleging a violation of the federal anti-discrimination statutes establishes a prima facie case by showing he (1) was a member of a protected class; (2) was qualified for the position he held; (3) suffered an adverse employment action; (4) in circumstances giving rise to an inference of discrimination.  See Schnabel v. Abrahmson, 232 F.3d 83, 87 (2d Cir. 2000); see also Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 253 (1985) ("The plaintiff must prove by a preponderance of the evidence that she applied for an

available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination."). If the plaintiff establishes a prima facie case, the employer has the burden of articulating a "legitimate, nondiscriminatory reason" for the adverse employment action. <u>Stern v. Trustees of Columbia University</u>, 131 F.3d 305, 312 (2d Cir. 1997). If the employer does so, the plaintiff must prove by a preponderance of the evidence that the employer's proffered explanation is unworthy of credence, and that the true reason for the employer's action was unlawful discrimination. <u>See</u> <u>id.</u> The ultimate question in an employment discrimination case is whether the evidence offered can reasonably and logically give rise to an inference of discrimination under all of the circumstances. <u>See</u> <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 148 (2000); <u>Bickerstaff v. Vassar College</u>, 196 F.3d 435, 448 (2d Cir. 1999).

The parties have met their respective burdens with respect to the first two steps of the burden-shifting analysis. Charron has established that he was within the protected classes, he was qualified to hold the Supervisor position, he suffered an adverse employment action, and defendant selected a person outside of the protected classes to fill the Supervisor position. Defendants have met their burden of proffering a non-discriminatory reason for their actions by stating that Teale selected Smith because

Smith, unlike Charron, possessed a college degree, had prior supervisory experience, and had shown initiative in seeking additional training through volunteer work and learning about the division's budget.

Proceeding to the third step in the burden-shifting analysis, Charron's evidence in support of his discrimination claims is insufficient to prove illegal discrimination. In support of his claim that defendants' proffered reason for not selecting him to fill the Supervisor position was a pretext for unlawful discrimination, Charron attempts to prove that Teale, Wallace, and Parker felt compelled to promote an African-American person to the Supervisor position. As evidence of bias, Charron offers the following evidence: (1) Charron's testimony that "in the past, [the fire chief] had, most of the time took the senior man" (dkt. # 33, Ex. 1 at 41:14-15), that "[i]t had been my past experience through the number of years I'd been there that it basically went by seniority," (dkt. # 33, Ex. 1 at 67:25-68:2), that his "expectation was that in the past that, number one, individuals usually were promoted, that my time and experience would be foremost in that decision," (dkt. # 33, Ex. 1 at 67:11-13), that he had "see[n] other individuals promoted by that pattern in the past," (dkt. # 33, Ex. 1 at 67:13-14), and that

> [a]s far as I know, for the past 16 years I was here, other than items such as where an individual that might have been chosen refused it, and then the next candidate took it, I would have to say that, in my

>    belief, that all of the positions were given on a
>    seniority and experience basis

(dkt. # 33, Ex. 1 at 118:6-10); (2) Charron's testimony that Parker told him that Chief Teale had made up his mind to hire Smith before the interview (dkt. # 33, Ex. 1 at 142:10-18 & 152:16-153:5); (3) Charron's belief that Chief Teale was under pressure from the City to fill the position with an African-American (dkt. # 33, Ex. 1 at 160:25-161:6); and (4) Charron's ten-year advantage in experience within the fire department over Smith.  Thus, Charron alleges that defendants deviated from a long-standing practice of promoting the most experienced candidate, and that defendants' deviation establishes that defendants' proffered reason for not selecting him was a pretext for illegal discrimination.

Charron cannot prove that any defendant's motivation for declining to select him to fill the Supervisor position was based upon race or age.  It is beyond dispute, as even Charron admits, that the fire chief was not required to select the most senior applicant of the top three.  (Dkt. # 33, Ex. 1 at 55:7-14).  Charron's offer of proof in support of his assertion that Teale deviated from an established practice of selecting the most senior eligible candidate is not sufficient.  He offers only his own belief, which is contradicted by defendants' hiring records. (See Dkt. # 37).  The court, in rejecting Charron's offer of proof as insufficient, does not question his credibility as a

witness, but rather necessarily rejects Charron's own subjective beliefs in the face of documentary evidence to the contrary. Because his offer of proof fails as a matter of law, Charron cannot establish that defendants' proffered reason for not selecting him for the Supervisor position was a pretext for illegal discrimination.

As such, there is no evidence in the record for a factfinder to conclude that defendants' decision not to select Charron for the Supervisor position was the product of race or age discrimination, and summary judgment must enter for the defendants on these claims.  Because Charron cannot prove race or age discrimination, any claim against the City based upon a policy of age or race discrimination also fails.

### C.  EQUAL PROTECTION

Charron argues that defendants violated his right to equal protection under the law by not selecting him to fill the Supervisor position.  Charron's claim fails as a matter of law because he has not provided sufficient evidence in support thereof.

The Fourteenth Amendment to the United States Constitution provides that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws," and is "essentially a direction that all persons similarly situated should be treated alike."  <u>City of Cleburne, Texas v. Cleburne</u>

Living Center, 473 U.S. 432 (1985).  A plaintiff claiming denial of equal protection rights can proceed according to several theories:

> A plaintiff could point to a law or policy that "expressly classifies persons on the basis of race." [Hayden v. County of Nassau, 180 F.3d 42, 48 (2d Cir. 1999)] (citing Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 213, 227-29 . . . (1995)).  Or, a plaintiff could identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner.  See Yick Wo v. Hopkins, 118 U.S. 356, 373-74, 6. . . (1886).  A plaintiff could also allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus.

Brown v. City of Oneonta, New York, 221 F.3d 329, 337 (2d Cir. 2000).

Charron alleges that his rights were violated because defendants based their decision not to select him to fill the supervisor position based upon race and age.  Charron cannot prevail on his equal protection claim.  With respect to a selective prosecution theory, which Charron must resort to in the absence of any policy or rule that is expressly discriminatory,

> To succeed in an action alleging selective prosecution, plaintiffs in this Circuit ["]have been required to show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.["]

Cobb v. Pozzi, 363 F.3d 89, 110 (2d Cir. 2004) (quoting Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir.

2001)).  As previously discussed, Charron's offer of proof in support of his assertion that defendants discriminated against him based upon his race and age is insufficient as a matter of law.  There being no predicate violation, his equal protection claims brought pursuant to 42 U.S.C. § 1983 fail as a matter of law against all defendants.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (dkt. # 28) is **GRANTED**.  Judgment for all defendants shall enter on all counts of the complaint.  The Clerk of the Court shall close this file.

So ordered this 16th day of February, 2005.

**/s/DJS**
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**